IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JULIE ANN ROBINSON                                                                                PLAINTIFF

v.                          Case No. 5:16-CV-5269

GARY RAYMOND CRIPPS, and
ARCO ENVIRONMENTS, INC.                                        DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendants Gary Raymond Cripps and ARCO Environments, Inc.'s (ARCO) motion to dismiss (Doc. 11), and brief in support of their motion (Doc. 12). Plaintiff has not filed a response and the time to respond has passed. Also before the Court is Cripps and ARCO's motion to compel discovery (Doc. 18) and brief in support of their motion (Doc. 19). Plaintiff has not filed a response, although the time to do so has not yet expired. For the following reasons, the Court finds that the motion to dismiss (Doc. 11) should be GRANTED IN PART and DENIED IN PART, and the motion to compel (Doc. 18) should be GRANTED.

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). However, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009). "*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Procedure] 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). A pro se plaintiff's complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).

Plaintiff's claims against Defendant Cripps fail as a matter of law and will be dismissed. It is well-established law that "supervisors may not be held individually liable under Title VII." *Schoffstall v. Henderson*, 223 F.3d 818, n.2 (8th Cir. 2000). The only theory asserted by Plaintiff to hold Cripps individually liable is discrimination under Title VII. (Doc. 5, p. 6). Therefore, any claims that are built upon this theory fail as a matter of law and Defendant Cripps will be dismissed from this lawsuit with prejudice.

A liberal reading of Plaintiff's claim of sexual harassment shows that Plaintiff has made a prima facie showing of unlawful discrimination, and ARCO's motion to dismiss on this claim will be denied. To plead a prima facie case of hostile work environment sexual harassment, a plaintiff must show that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take proper remedial action. *Nitsche v. CEO of Osage Valley Elec. Co-op.*, 446 F.3d 841, 845 (8th Cir. 2006). ARCO claims that Plaintiff has failed to make a prima facie case because she has failed to show that her sexual relationship with Cripps was unwelcomed at the time that it occurred. (Doc. 12, p. 4). However, on its face, the complaint states that Plaintiff was "pressured into an intimate and physical relationship with [Cripps] because [she] was afraid [she] would be fired." (Doc. 5, p. 6). Further, the complaint states that she "tried to end the relationship but the

owner threatened to end [her] employment if [she] did." (*Id*.). While the facts are scant, the Court determines that the facts stated in this pro se pleading are sufficient to survive a motion to dismiss.

Second, ARCO states that Plaintiff has failed to make a prima facie case because she has failed to show that the alleged harassment was severe or pervasive. (Doc. 12, pp. 5-8). The complaint alleges that "[b]eginning around 2014 the owner began sexually harassing [Plaintiff] in the form of sexual and inappropriate comments about [her] appearance and [her] body." (Doc. 5, p. 6). As previously noted, the complaint goes on to allege that Plaintiff was pressured into a physical relationship, and the complaint alleges that she "tried to end the relationship" in 2015. (*Id*.). The complaint then alleges that Plaintiff was terminated in 2016 when she would not resign from her job over this sexual relationship. (*Id*.). Once again, although these facts are scant, when drawing reasonable inferences in favor of Plaintiff, they do make a minimal showing to establish that the alleged harassment took place over the period of several years, and that it was severe or pervasive. Therefore, ARCO's motion to dismiss Plaintiff's claim of sexual harassment will be denied.

Plaintiff's claim for retaliation asserted against ARCO may also proceed. To plead a case of retaliation under Title VII, Plaintiff must show that she (1) engaged in a statutorily protected activity, (2) that ARCO took an adverse employment action against her, and (3) that there was a causal link between the two actions. *Wallace v. Sparks Health Sys.*, 415 F.3d 853, 858 (8th Cir. 2005). The EEOC charge of discrimination attached to the complaint claims that when Plaintiff tried to end an "intimate and physical relationship" with her employer, which she had been pressured into under threats of termination of employment, her employment was again threatened. (Doc. 5, p. 6). Opposition to an unlawful employment practice is protected activity. 42 U.S.C. § 2000e-3(a). Plaintiff has stated a claim for retaliation under Title VII.

ARCO's motion to compel discovery (Doc. 18) will be granted. Defendants represent that on February 17, 2017 they served a first set of interrogatories on Plaintiff that were due on March 20, 2017. (Doc. 19, pp. 1-2). When Plaintiff did not respond, Defendants then attempted to contact Plaintiff on March 29, 2017. (*Id.*, p. 2). There were numerous email correspondences between April 5, 2017 and April 10, 2017. (*Id.*) Plaintiff has still not responded to interrogatories, so the Court will now order Plaintiff to respond.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 11) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as claims against Defendant Gary Raymond Cripps are DISMISSED WITH PREJUDICE. The motion is otherwise DENIED.

IT IS FURTHER ORDERED that Defendant's motion to compel discovery (Doc. 18) is GRANTED, and Plaintiff is ordered to respond to interrogatories by April 24, 2017. Failure to respond may result in dismissal of this action.

IT IS SO ORDERED this 14th day of April, 2017.

/s/ *P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE