IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JULIE ANN ROBINSON                                                                                  PLAINTIFF

v.                           Case No. 5:16-CV-5269

ARCO ENVIRONMENTS, INC.                                               DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant ARCO Environments, Inc.'s (ARCO) motion (Doc. 22) for sanctions, requesting that the Court dismiss Plaintiff Julie Ann Robinson's complaint for failure to prosecute or comply with a Court order. Ms. Robinson has not responded, and the time for filing a response has passed.[1] For the reasons set forth below, ARCO's motion will be granted and this case dismissed without prejudice to its refiling.

On April 14, 2017, the Court entered an order (Doc. 20) granting ARCO's motion to compel discovery (Doc. 18). ARCO's motion to compel represented that on February 17, 2017 it served a first set of interrogatories and requests for production on Plaintiff, that responses were due on March 20, 2017, and that Plaintiff never responded despite numerous email correspondences between the parties. (Doc. 19). The Court ordered Plaintiff to respond to interrogatories by April 27, 2017, and warned that "[f]ailure to respond may result in dismissal of this action." (Doc. 20). Plaintiff served Defendant with her responses on April 24, 2017, but her discovery responses were almost entirely devoid of substance. (Doc. 23-1). Out of the 36 requests for production, Plaintiff did not respond at all to eleven of them. Of the remaining 25 requests for

---

[1] Local Rule 7.2(b) requires that a response to a motion be filed within fourteen days, and Federal Rule of Civil Procedure 6(d) provides that a responding party has three extra days to respond when a motion is served by mail. The motion was filed on May 5, 2017. Ms. Robinson's response was thus due on May 22, 2017.

production, five responses sought clarification of the request, six responses simply said to "[s]ee" ARCO's own records or the attached text messages, and ten responses consisted only of the word "Object!" The responses to ARCO's 21 interrogatories offered similarly vague and unhelpful answers. The longest singular response was nine words. On April 28, 2017, defense counsel sent Plaintiff a letter outlining the issues with Plaintiff's responses to the discovery and provided her with the opportunity to supplement her answers without intervention from the Court. (Doc. 23-2). ARCO set a deadline for Plaintiff to respond at May 3, 2017. From May 2 to May 4, 2017, Plaintiff and defense counsel exchanged a number of emails, but Plaintiff never provided any additional responses to the discovery. (Docs. 23-3, 23-4). ARCO then filed the immediate motion, requesting dismissal of the action as an appropriate sanction.

Plaintiff's pro se status does not excuse her from compliance with Court orders or the Federal Rules of Civil Procedure. *See Lindstedt v. City of Granby*, 238 F.3d 993, 997 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."); *see also Escobar v. Cross,* 2013 WL 709113, at *1 (E.D. Ark. Feb. 27, 2013) ("Pro se litigants are required to follow the same rules of procedure, including the local court rules, that govern other litigants."). Objections to interrogatories or requests for production must state with specificity the grounds for each objection. *See* Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2)(B). Here, Ms. Robinson has not complied with the Court's previous order mandating her responses, and the answers provided are not in conformity with the Federal Rules of Civil Procedure.

"A district court has wide latitude in imposing sanctions for failure to comply with discovery." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Rule 41(b) allows the Court to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court

order." Similarly, Rule 37(b)(2)(A)(v) states that the Court may dismiss the action where a party fails to obey an order to provide discovery. Finally, a Court may dismiss an action under Rule 37(d)(1)(A)(3) based on a party's failure to serve answers or written responses to interrogatories. *See also 7 Moore's Federal Practice* (3d. ed.) § 37.90 ("Rule 37(d) makes it abundantly clear that a party properly served has an absolute duty to respond in some fashion, and that the court in which the action is pending may enforce this obligation by imposing potentially severe sanctions. In short, the purpose of Rule 37(d) is to authorize courts to directly punish the most blatant forms of discovery noncompliance, and to deter such conduct in the future").

"To justify a sanction of dismissal, Rule 37 requires: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Sentis Group, Inc., Coral Group, Inc. v. Shell Oil Co.,* 559 F.3d 888, 898 (8th Cir.2009). The Court's discretion to impose a Rule 37 sanction is "bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery." *Hairston v. Alert Safety Light Products, Inc.,* 307 F.3d 717, 719 (8th Cir. 2002) (citation omitted). Rule 41(b) dismissal may be appropriate where Plaintiff has "acted intentionally as opposed to accidentally or involuntarily." *Doe v. Cassel,* 403 F.3d 986, 990 (8th Cir. 2005). Failure to abide by court order despite "a warning from the district court that [Plaintiff] is skating on the thin ice of dismissal" can establish willfulness. *Rodgers v. Curators of Univ. of Mo.,* 135 F.3d 1216, 1221 (8th Cir. 1998) (citation omitted). Here, Plaintiff was warned in the Court's previous discovery order granting the motion to compel that "[f]ailure to respond may result in dismissal of this action." (Doc. 20). Such a warning is sufficient for dismissal on the basis of failure to prosecute or comply

with a Court order.[2]  *See Rodgers,* 135 F .3d at 1221; *see also Williams v. U.S. Bank Nat. Ass'n ND*, 2013 WL 4050749, at *2 (D. Minn. Aug. 9, 2013).

IT IS THEREFORE ORDERED that Defendants' motion for sanctions (Doc. 22) is GRANTED, and Plaintiff Julie Ann Robinson's complaint is DISMISSED WITHOUT PREJUDICE to its refiling.

IT IS SO ORDERED this 24th day of May, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[2] Although Plaintiff did respond to discovery, her responses were deficient and incomplete, and despite having almost a month to fix the deficiencies or supplement her incomplete responses, she has failed to do so.